IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| | |
|---|---|
| IN RE | CHAPTER 12 |
| MILTON R. TURNER, WREATHA L. TURNER, | CASE NO.  14-21731-MGD |
| DEBTORS. | |

## DEBTORS' CHAPTER 12 PLAN

The Debtors, Milton R. Turner and Wreatha L. Turner (hereinafter referred to as "Debtor"

or "Debtors"), propose the following plan of reorganization:

ARTICLE I
TREATMENT OF UNCLASSIFIED CLAIMS
AND CLASSIFICATION OF CLAIMS

A.  UNCLASSIFIED CLAIMS

Creditors having filed and allowed priority claims under 11 U.S.C. § 507(a) not otherwise

treated in this plan will be paid in cash in full as soon as practical after confirmation or in such

deferred payments as a particular holder may agree to accept.

B.  CLASSIFIED CLAIMS

CLASS 1      United Community Bank

CLASS 2      Green Tree Servicing LLC

CLASS 3      US Bank Home Mortgage

CLASS 4      US Bank Home Mortgage

CLASS 5        Nation Star Mortgage

CLASS 6        Nation Star Mortgage

CLASS 7        Ally Bank

CLASS 8        Santander Consumer USA, Inc.

CLASS 9        Banks County Tax Commissioner

CLASS 10       Hall County Tax Commissioner

CLASS U        General Unsecured Debt

CLASS A        Administrative Expenses

ARTICLE II
TREATMENT OF CLASSES UNDER THE PLAN

Each class of creditors shall be treated as follows under the Plan:

CLASS 1        United Community Bank

United Community Bank ("UCB") has filed the following claims:

| Claim Number | Claim Amount |
| --- | --- |
| 12 | $18,061.98 |
| 13 | $140,125.67 |
| 14 | $7,684.93 |
| 15 | $97,935.08 |
| Total | $263,807.66 |

The claims of UCB are all cross-collateralized and are fully secured.  All of UCB's claims

described above will be paid as a single gross claim secured by the properties identified in its

proof of claim (the "Properties"). Debtor will pay UCB the amount of its gross claim, amortized

over twenty-five (25) years, bearing interest at an annual rate of five (5%) percent, for a period of

five (5) years. Principal and interest in the amount of $1,542.19 shall be paid every month, with

the first monthly installment of principal and interest due on the Effective Date (as hereinafter

defined), and equal payments of principal and interest due every month thereafter and shall

mature upon the fifth anniversary of the Effective Date, at which time all outstanding principal

and interest shall be due and payable. During the pendency of this case the Chapter 12 Trustee

shall make payments out of the funds paid to her by Debtors. Thereafter Debtors shall make the

payment directly to UCB at the address given on Proof Of Claim No. 9.  UCB shall retain its lien

on its collateral for the amount of the secured claims set forth above. Debtors shall directly fund

all taxes and insurance due on UCB's collateral and provide evidence of the payment of the same

to UCB upon its reasonable request for such proof. Except as expressly modified by the terms of

this Plan, the terms and conditions of the loan documents (including any Note(s) and Deeds to

Secure Debt in favor of UCB) shall survive Confirmation. UCB is over-secured pursuant to 11

U.S.C. section 506 and shall be entitled to amend their proofs of claims to reflect post-petition

interest and reasonable fees and costs.  Subject to review and objection by Debtor of the amended

claims, such claims shall be paid through the plan as provided herein.  Any pre-confirmation

adequate protection payments paid by the trustee to UCB shall be applied to the UCB claims as amended.

If any payment is not received by UCB or the Chapter 12 Trustee, or if there is a default as to maintaining taxes and insurance as set out herein, then, after notice is provided by UCB's counsel to counsel for the Debtors by certified mail or overnight delivery service and payment is not received within ten (10) days of Debtors' counsel's receipt of such notice, then it shall be a default and UCB may file a motion and affidavit of default with service upon Debtors, Debtors' attorney and the Chapter 12 Trustee, and the Court may enter an order terminating the automatic stay, without further notice or hearing, and UCB shall have the right to proceed to foreclosure or otherwise dispose of or take action including exercising all state remedies in disposing of the Properties.

CLASS 2      Green Tree Servicing LLC

The claim of Green Tree Servicing LLC ("Green Tree") is secured by a first priority deed to secure debt on certain real property of the Debtors located at 6009 Chattahoochee Street, Lula, Georgia. The Green Tree collateral is valued at $75,000. Green Tree has filed a claim in the amount of $89,819.28.

Debtor will pay Green Tree the value of of its collateral, amortized over thirty (30) years, bearing interest at an annual rate of four (4%) percent. Principal and interest in the amount of $358.06 shall be paid every month, with the first monthly installment of principal and interest due on the Effective Date (as hereinafter defined), and equal payments of principal and interest due every month thereafter until the claim is paid in full. During the pendency of this case the

Page 4

Chapter 12 Trustee shall make payments out of the funds paid to her by Debtors. Thereafter Debtors shall make the payment directly to Green Tree at the address given on its Proof Of Claim.  Green Tree shall retain its lien on its collateral for the amount of the secured claim set forth above. Debtors shall directly fund all taxes and insurance due on Green Tree's collateral and provide evidence of the payment of the same to Green Tree upon its reasonable request for such proof. Except as expressly modified by the terms of this Plan, the terms and conditions of the loan documents (including any Note(s) and Deeds to Secure Debt in favor of Green Tree) shall survive Confirmation.

CLASS 3       U.S. Bank Home Mortgage (A/N ending 3042)

The claim of US Bank Home Mortgage ("US Bank") on the note identified as having an account number ending with 3042 (the "Note 3042 Debt") is secured by a first priority deed to secure debt on real property located at 6116 Carter Street, Lula, Georgia (the "Note 3042 Collateral") The Note 3042 Collateral is valued at $103,000. US Bank has filed a claim on the Note 3042 Debt in the amount of $108,950.65.

Debtors proposes to pay the claim of US Bank on the Note 3042 Debt as follows: Debtor will pay US Bank the lesser of the value of its collateral or its secured claim, amortized over thirty (30) years, bearing interest at an annual rate of four (4%) percent. Principal and interest in the amount of $491.74 shall be paid every month, with the first monthly installment of principal and interest due on Effective Date (as defined below), and equal payments of principal and interest due every month thereafter until the balance of the secured claim is paid in full. During the pendency of this case the Chapter 12 Trustee shall make payments out of the funds paid to

Page 5

him by Debtors. Thereafter Debtors shall make the payment directly to US Bank at the address

given on its proof of claim if one is filed or as shown in the schedules if no proof of claim is

filed.  US Bank shall retain its lien on the Note 3042 Collateral for the amount of its secured

claim as set forth here. Debtors shall directly fund all taxes and insurance due the Note 3042

Collateral and provide evidence of the payment of the same to US Bank upon its reasonable

request for such proof. Except as expressly modified by the terms of this Plan, the terms and

conditions of the loan documents (including any Note(s) and Financing Statements in favor of US

Bank) shall survive Confirmation.

CLASS 4        U.S. Bank Home Mortgage (A/N ending 4836)

The claim of US Bank Home Mortgage on the note identified as having an account

number ending with 4836 (the "Note 4836 Debt") is secured by a first priority deed to secure

debt on real property located at 5605 Oconee Street, Lula, Georgia (the "Note 4836 Collateral")

The Note 4836 Collateral is valued at $21,418.00. US Bank has filed a claim on the Note 3042

Debt in the amount of $79,965.62.

Debtors proposes to pay the claim of US Bank on the Note 4836 Debt as follows: Debtor

will pay US Bank the lesser of the value of its collateral or its secured claim, amortized over

thirty (30) years, bearing interest at an annual rate of four (4%) percent. Principal and interest in

the amount of $102.25 shall be paid every month, with the first monthly installment of principal

and interest due on Effective Date (as defined below), and equal payments of principal and

interest due every month thereafter until the balance of the secured claim is paid in full. During

the pendency of this case the Chapter 12 Trustee shall make payments out of the funds paid to

Page 6

him by Debtors. Thereafter Debtors shall make the payment directly to US Bank at the address

given on its proof of claim if one is filed or as shown in the schedules if no proof of claim is

filed.  US Bank shall retain its lien on the Note 4836 Collateral for the amount of its secured

claim as set forth here. Debtors shall directly fund all taxes and insurance due on the Note 4836

Collateral and provide evidence of the payment of the same to US Bank upon its reasonable

request for such proof. Except as expressly modified by the terms of this Plan, the terms and

conditions of the loan documents (including any Note(s) and Financing Statements in favor of US

Bank) shall survive Confirmation.

CLASS 5        Nation Star Mortgage (A/N ending 8357)

The claim of Nation Star Mortgage ("Nation Star") on the note identified as having an

account number ending with 8357 (the "Note 8357 Debt") is secured by a first priority deed to

secure debt on real property located at 6220 Grove Street, Lula, Georgia (the "Note 8357

Collateral") The Note 8357 Collateral is valued at $30,000.00. Nation Star has filed a claim on

the Note 8357 Debt in the amount of $61,920.99.

Debtors proposes to pay the claim of Nation Star on the Note 8357 Debt as follows:

Debtor will pay Nation Star the lesser of the value of its collateral or its secured claim, amortized

over thirty (30) years, bearing interest at an annual rate of four (4%) percent. Principal and

interest in the amount of $143.22 shall be paid every month, with the first monthly installment of

principal and interest due on Effective Date (as defined below), and equal payments of principal

and interest due every month thereafter until the balance of the secured claim is paid in full.

During the pendency of this case the Chapter 12 Trustee shall make payments out of the funds

Page 7

paid to him by Debtors. Thereafter Debtors shall make the payment directly to Nation Star at the address given on its proof of claim if one is filed or as shown in the schedules if no proof of claim is filed.  Nation Star shall retain its lien on the Note 8357 Collateral for the amount of its secured claim as set forth here. Debtors shall directly fund all taxes and insurance due on the Note 8357 Collateral and provide evidence of the payment of the same to Nation Star upon its reasonable request for such proof. Except as expressly modified by the terms of this Plan, the terms and conditions of the loan documents (including any Note(s) and Financing Statements in favor of Nation Star) shall survive Confirmation.

CLASS 6        Nation Star Mortgage (A/N ending 8356)

The claim of Nation Star Mortgage on the note identified as having an account number ending with 8356 (the "Note 8356 Debt") is secured by a first priority deed to secure debt on real property located at 6307 8th Street, Lula, Georgia (the "Note 8356 Collateral") The Note 8356 Collateral is valued at $35,000.00. Nation Star has filed a claim on the Note 8356 Debt in the amount of $67,535.10.

Debtors proposes to pay the claim of Nation Star on the Note 8356 Debt as follows: Debtor will pay Nation Star the lesser of the value of its collateral or its secured claim, amortized over thirty (30) years, bearing interest at an annual rate of four (4%) percent. Principal and interest in the amount of $167.10 shall be paid every month, with the first monthly installment of principal and interest due on Effective Date (as defined below), and equal payments of principal and interest due every month thereafter until the balance of the secured claim is paid in full. During the pendency of this case the Chapter 12 Trustee shall make payments out of the funds

Page 8

paid to him by Debtors. Thereafter Debtors shall make the payment directly to Nation Star at the address given on its proof of claim if one is filed or as shown in the schedules if no proof of claim is filed.  Nation Star shall retain its lien on the Note 8356 Collateral for the amount of its secured claim as set forth here. Debtors shall directly fund all taxes and insurance due on the Note 8356 Collateral and provide evidence of the payment of the same to Nation Star upon its reasonable request for such proof. Except as expressly modified by the terms of this Plan, the terms and conditions of the loan documents (including any Note(s) and Financing Statements in favor of Nation Star) shall survive Confirmation.

CLASS 7      Ally Bank

The claim of Ally Bank ("Ally") is secured by a security interest in and to a 2011 Buick Enclave (the "Ally Collateral") The Ally Collateral is valued at $25,000.00. Ally has filed a claim in the amount of $24,666.15.

Debtors proposes to pay the claim of Ally as follows: Debtor will pay Ally the lesser of the value of its collateral or its secured claim, amortized over five (5) years, bearing interest at an annual rate of five (5%) percent. Principal and interest in the amount of $471.78 shall be paid every month, with the first monthly installment of principal and interest due on Effective Date (as defined below), and equal payments of principal and interest due every month thereafter until the balance of the secured claim is paid in full. During the pendency of this case the Chapter 12 Trustee shall make payments out of the funds paid to her by Debtors. Thereafter Debtors shall make the payment directly to Ally at the address given on its proof of claim.  Ally shall retain its lien on the Ally Collateral for the amount of its secured claim as set forth here. Except as

expressly modified by the terms of this Plan, the terms and conditions of the loan documents (including any Note(s) and Financing Statements in favor of Ally) shall survive Confirmation.

CLASS 8    Santander Consumer USA, Inc.

The claim of Santander Consumer USA, Inc. ("Santander") is secured by a first priority security interest in a 2011 Hyundai Sonata (the "Santander Collateral"). Santander has filed a claim in the amount of $17,881.46. The Santander Collateral is valued at $14,000.00

Debtors proposes to pay the claim of Santander as follows: Debtor will pay Santander the lesser of the value of its collateral or its secured claim, amortized over five (5) years, bearing interest at an annual rate of five (5%) percent. Principal and interest in the amount of $264.20 shall be paid every month, with the first monthly installment of principal and interest due on Effective Date (as defined below), and equal payments of principal and interest due every month thereafter until the balance of the secured claim is paid in full. During the pendency of this case the Chapter 12 Trustee shall make payments out of the funds paid to her by Debtors. Thereafter Debtors shall make the payment directly to Santander at the address given on its proof of claim. Santander shall retain its lien on the Santander Collateral for the amount of its secured claim as set forth here. Except as expressly modified by the terms of this Plan, the terms and conditions of the loan documents (including any Note(s) and Financing Statements in favor of Santander) shall survive Confirmation.

CLASS 9        Banks County Tax Commissioner

The Banks County Tax Commissioner has an anticipated claim in the approximate amount of $4,400.00, secured by real property of the Debtors located in Banks County, Georgia. The claim of the tax commissioner is fully secured. Debtor will pay the claim of the tax commissioner in full, amortized over three (3) years, bearing interest at an annual rate of four (4%) percent. Principal and interest in the amount of $129.91 shall be paid every month, with the first monthly installment of principal and interest due on Effective Date (as defined below), and equal payments of principal and interest due every month thereafter until the balance of the secured claim is paid in full. During the pendency of this case the Chapter 12 Trustee shall make payments out of the funds paid to her by Debtors.

CLASS 9        Hall County Tax Commissioner

The Hall County Tax Commissioner has an anticipated claim in the approximate amount of $2170.00, secured by real property of the Debtors located in Hall County, Georgia. The claim of the tax commissioner is fully secured. Debtor will pay the claim of the tax commissioner in full, amortized over three (3) years, bearing interest at an annual rate of four (4%) percent. Principal and interest in the amount of $64.07 shall be paid every month, with the first monthly installment of principal and interest due on Effective Date (as defined below), and equal payments of principal and interest due every month thereafter until the balance of the secured claim is paid in full. During the pendency of this case the Chapter 12 Trustee shall make payments out of the funds paid to her by Debtors.

CLASS U      General Unsecured Creditors

Unsecured claims that are otherwise unclassified shall receive a pro rata payment of all

funds available after payment of secured, priority, and administrative expenses for a three year

period commencing on the Effective Date (as hereinafter defined).

CLASS A      Administrative Expenses

Debtor anticipates administrative expenses for attorney's fees in the amount of

$9,000.00. Such expenses shall be paid as approved by the Court at a rate of up to $640.00 per

month from the funds available to the Chapter 12 Trustee after making monthly payments to all

secured claims.

The Trustee shall receive a fee from each disbursement as provided for by law.

ARTICLE III
A.  MEANS FOR EXECUTION OF THE PLAN

The funds necessary for the payments provided for by the Plan will come from the

Debtor's operations, and other business and non-business income, loans to the Debtor, and, if

necessary, from the liquidation or abandonment of assets by the Debtor.  Additionally, Debtor

shall use such funds of the Bankruptcy Estate as are being held by the Chapter 12 Trustee and not

otherwise applied to payment of any expense by order of this Court for the operation of the

Debtor's dog breeding business. The Debtor shall submit such portion of the future income of the

Debtor to the supervision and control of the Trustee as is necessary for the execution of the Plan.

Notwithstanding anything else in this plan to the contrary, during the pendency of this

plan the Debtor shall submit to the Trustee the sum of $4,637.00 per month to fund the Trustee's

payments hereunder.

## B.  EXECUTORY CONTRACTS

Any other executory contracts or leases not assumed or rejected prior to the effective date

of the Plan are rejected.  Claims arising from the rejection of executory contracts or leases must

be filed with the Court and served on the Debtor within thirty (30) days from the date of

confirmation of the Plan in order to be allowed.

## ARTICLE IV
## OPERATION

1.

Debtor shall be the Debtor-in-Possession (hereinafter "Debtor") with full and complete

power and authority to continue the operation, control and possession of the property and the

assets of the Debtor in the same manner as prior to the filing of these proceedings, and with such

other authority and responsibility as is hereinafter designated or required, but subject to the

direction of the Bankruptcy Court (hereinafter "Court").  After confirmation, Debtor may employ

Cummings & Kelley PC as required, as legal advisor.  After confirmation, Debtor may employ an

accountant for bookkeeping and preparation of income tax returns.  The Debtor shall retain all

rights and powers accorded by 11 U.S.C. § 1203 until the closing of the case.

2.

Title to the Debtor's property shall revest in the Debtor upon confirmation of the Plan,

subject to any liens retained by creditors pursuant to this plan or granted to creditors hereunder.

Allowed secured claims shall retain their liens upon the fair market value of the collateral

securing said claims, subject to the provisions of the Plan.

3.

The Debtor shall compute disposable income, subject to review by the Trustee.  In

determining disposable income, expenses necessary for the continuation, preservation, and

operation of the Debtors' business shall include the estimated cost of maintaining land to be

farmed and farm buildings, seed, fertilizer, chemical, and other crop input expenses, rent, taxes,

fuel and utilities, labor, equipment repair and replacement, insurance, and interest on operating

loans.  The sum of $60,000.00 annually shall be deemed reasonably necessary for the support of

the Debtors.

4.

Upon payment of the amount provided by the Plan for any secured claim, the lien upon

the Debtors' property securing said claim shall be deemed canceled.  Any creditor holding such

lien shall execute and file all documents as are necessary to cancel such lien as of record.

5.

The Debtor may pre-pay Debtor's obligations under the Plan without penalty or charge of unaccrued interest.

6.

Where the Debtors have proposed a modification of the Plan, the Debtors shall not be in default with respect to the terms being modified pending Court consideration of the proposed modification.

7.

The Debtor and Trustee expressly preserve any and all claims, objections, defenses, set-offs, counterclaims, or the like which the Debtor may have had or may have against the holder of any claim or arising out of or related to any claim, and any and all such claims, objections, defenses, set-off, counterclaims, or the like of the Debtor shall survive confirmation and consummation of the Plan.

8.

In the event of a conversion to a case under another Chapter of Title 11 of the U.S. Bankruptcy Code, the Debtor shall have the right to redeem collateral pursuant to Section 722 of the Bankruptcy Code.

ARTICLE V
CLOSING OF THE CASE AND DISCHARGE

The case may be closed within six (6) after the third anniversary of the Effective Date (as

hereinafter defined).  Prior to closing, the Debtor shall have an accounting by the Trustee for

payments in accordance with the Plan.  The Debtor shall be discharged from pre-petition debts as

the treatment of each debt under the provisions of the Plan is completed.  Closing of the case

shall terminate the Bankruptcy Estate and the services of the Trustee.  The Court shall retain

jurisdiction through the closing of the case, and may reopen the case for further administration on

request of the Debtor.

ARTICLE VI
EFFECTIVE DATE OF THE PLAN AND
MODIFICATION OF THE PLAN

The effective date of the Plan shall be February 1, 2015, or the first day of the month

following an entry of an order confirming this plan, whichever date is latter.  Debtor may propose

amendments or modifications of the Plan at any time prior to the confirmation of the Plan, and

the Plan, as modified, shall become the Plan.  After confirmation, the Debtor may modify this

Plan with leave of Court prior to completion of payments under the Plan.

ARTICLE VII
MOTION TO CONFIRM


Debtor request that the Court confirm a Plan of payments for claims over a period of three

(3) years (except for allowed secured claims and claims on which the last payment is due after

three (3) years), pursuant to 11 U.S.C. Section 1222(c).


Dated: January 30, 2015


CUMMINGS & KELLEY PC


By:      */s/ Jonathan D. Clements*
         Jonathan D. Clements
         Georgia State Bar No. 130051
         Attorneys for Debtor

P.O. Box 2758
Gainesville, Georgia 30503-2758
(770) 531-0007